THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **MOORE MACHINE TOOLS LLC, a Utah Limited Liability Company; and NUKON US LLC, a Utah Limited Liability Company,**<br><br>Plaintiffs,<br><br>v.<br><br>**FURKAN AYDIN, an Individual; et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:24-cv-00793-DBB-JCB<br><br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

## BACKGROUND[1]

Plaintiffs Moore Machine Tools LLC and Nukon US LLC ("Nukon US") (collectively, "Plaintiffs") moved to compel discovery ("Motion").[2] Specifically, Plaintiffs seek: (1) to compel Lantek Systems, Inc., ("Lantek") – a non-party to this action – to comply with a subpoena from Plaintiffs ("Subpoena"); and (2) to compel Defendants Furkan Aydin, Katherine Fay, and Fay Makina North America, LLC ("Fay Makina") (collectively, "Defendants") to supplement their responses to Plaintiffs' Interrogatory Nos. 2 and 3 and Request for Production Nos. 1-5.

---

[1] District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C.A. § 636(b)(1)(A). ECF No. 17.

[2] ECF No. 31.

Lantek provided software that was preloaded on many of the industrial machines that Nukon US sold.[3] Fay Makina later came to distribute Lantek software in the United States.[4] Seeking information to buttress Plaintiffs' claims against Defendants – claims that include trademark infringement and unfair competition – Plaintiffs on March 31, 2025, served their First Set of Discovery Requests and issued the Subpoena.[5] The discovery requests include the interrogatories and requests for production at issue in the Motion. Defendants objected to these discovery requests, alleging, among other deficiencies, that they are overbroad.[6] Plaintiffs served Lantek with the Subpoena on May 5, 2025.[7] On May 9, 2025, Defendants objected to the Subpoena, alleging irrelevance and overbreadth.[8] Lantek did not object to the Subpoena. On September 5, 2025, Plaintiffs filed the Motion,[9] and on September 25, 2025, the court held oral argument on the Motion.[10]

During that hearing, several of the disputes in the Motion were resolved. The parties by stipulation agreed that no further production was required for Request for Production Nos. 3 and 4; the court ordered Plaintiffs to reformulate Interrogatory Nos. 2 and 3; and the court explained that the portion of the Motion that sought to compel Lantek to comply with the Subpoena was

---

[3] ECF No. 31 at 2.
[4] ECF No. 31-2 at 3.
[5] ECF No. 31-3; ECF No. 31-2 at 6.
[6] ECF No. 31-4.
[7] ECF No. 31-2 at 1.
[8] ECF No. 31-2.
[9] ECF No. 31.
[10] ECF No. 41.

procedurally improper. Left intact was Plaintiffs' demand that Defendants respond fully to Request for Production Nos. 1, 2, and 5. The court took this aspect of the Motion under advisement.

For the reasons stated on the record during the hearing on the Motion, the court denied the Motion as moot as it relates to Request for Production Nos. 3 and 4 and denied the Motion as it relates to Interrogatory Nos. 2 and 3. For the reasons set forth below, the court denies: (I) Plaintiffs' request to compel Lantek to comply with the Subpoena, without prejudice; (II) Plaintiffs' request to compel Defendants to provide all documents responsive to Request for Production Nos. 1, 2, and 5; and (III) Plaintiffs' request for an award of reasonable expenses for filing the Motion. The court first elaborates on its reasoning regarding the Subpoena before turning to Request for Production Nos. 1, 2, and 5 and, lastly, reasonable expenses.

## ANALYSIS

I. **The Court Denies Plaintiffs' Request to Compel Lantek to Comply with the Subpoena.**

Because Plaintiffs' request to compel Lantek to comply with the Subpoena is procedurally improper under Rule 45, the court denies that request.[11] Under Rule 45(d)(2)(B), a "person commanded to produce documents" via subpoena may object in writing to the demands of the subpoena.[12] "*If an objection is made*, . . . the serving party may move the court for the

---

[11] Fed. R. Civ. P. 37 does not provide an avenue for relief. Rule 37 concerns a *party's* failure to answer an interrogatory or produce documents under Fed. R. Civ. P. 33 or 34. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Since Lantek is not a party to this action, the court relies on the provisions of Rule 45 as the rule of decision applicable here.

[12] Fed. R. Civ. P. 45(d)(2)(B).

district where compliance is required for an order compelling production or inspection."[13] Absent an objection from "a person commanded to produce documents," a serving party may not properly move a court for an order compelling production.[14] As the recipient of the Subpoena, Lantek is the "person commanded to produce documents." Therefore, it is Lantek's objections – and not Defendants' – that were required to be filed before Plaintiffs as the serving party would be able to "move . . . for an order compelling production" under Rule 45(d)(2)(B)(i). The record, however, shows that Lantek made no such objections. Without an objection from Lantek, the provisions of Rule 45(d)(2)(B) do not apply, and Plaintiffs' motion to compel is improper.[15]

Instead, Rule 45 requires a party in Plaintiffs' position to move for an order to show cause as to why the subpoenaed party should not be held in contempt for failing to comply with the subpoena.[16] Rule 45(g) provides that the court "may hold in contempt a person who, having been

---

[13] Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added).

[14] *Cruz v. AerSale, Inc.*, No. 2:22-CV-857 GJF/KRS, 2025 WL 1426884, at *3 (D.N.M. May 16, 2025) ("[A]n order compelling compliance pursuant to [Rule 45(d)(2)(b)(i)] is permitted only '[i]f an objection is made.' . . . Rule 45(d)(2)(B) by its own terms applies only where the third party makes objections." (quoting *HI.Q, Inc. v. ZeetoGroup, LLC*, No. MC 22CV1440-LL-MDD, 2022 WL 17345784, at *11 (S.D. Cal. Nov. 29, 2022))); *Ceremello v. City of Dixon*, No. S-04-1423 DFLEFB, 2006 WL 2989002, at *2 (E.D. Cal. Oct. 18, 2006) ("As explained at the hearing, the 'motion to compel,' which is the remedy under the Federal Rules of Civil Procedure to compel a party's compliance with a discovery request, is not the applicable procedure to address [a non-party's] alleged refusal to obey a duly-issued subpoena."); *see also Bankers Ins. Co. v. Egenberg*, No. CV 19-13129, 2020 WL 7033673, at *3 (E.D. La. Aug. 6, 2020) ("Rule 45(d)(2)(B) addresses only objections to, and motions to compel compliance with, subpoenas commanding document productions or inspections; it does not expressly authorize a motion to compel a non-party's compliance with a subpoena's command to appear for a deposition.").

[15] This court may not be the proper venue to hear a challenge to a subpoena from an Ohio-based company such as Lantek, but the court reserves ruling on that issue as it is not the subject of the Motion.

[16] Fed. R. Civ. P. 45(g); *Cruz*, 2025 WL 1426884, at *3 ("Based on the facts set forth in the Motion from which it appears that subsection (d)(2)(B)(i) of Rule 45 is inapplicable, [the serving party]'s only avenue of relief for [the non-party]'s failure to respond to the subpoena is under

served, fails without adequate excuse to obey the subpoena or an order related to it." Before a court may hold in contempt an entity in Lantek's position, the court must first issue an order to show cause requiring Lantek to appear before the court to explain why the court should excuse Lantek's failure to comply with the Subpoena. Such an order would issue only upon motion from Plaintiffs. To the extent that Defendants contest the Subpoena served on non-party Lantek, the proper avenue would have been to file a timely motion to quash or otherwise modify the subpoena under Rule 45(d)(3). Accordingly, the court denies Plaintiffs' request without prejudice.

## II. The Court Denies Plaintiffs' Request to Compel Defendants to Provide All Documents Responsive to Request for Production Nos. 1, 2, and 5.

Defendants object to Request for Production Nos. 1, 2, and 5 as overbroad, among other things.[17] Rule 34(b)(1)(A) requires requests for production to "describe with reasonable particularity each item or category of items to be inspected." The United States Court of Appeals for the Tenth Circuit has explained the Rule 34 reasonable particularity standard applicable in this circuit.

> Though what qualifies as "reasonabl[y] particular" surely depends at least in part on the circumstances of each case, a discovery request should be sufficiently definite and limited in scope that it can be said "to apprise a person of ordinary intelligence what documents are

---

Rule 45(g)."); *see also HI.Q, Inc.*, 2022 WL 17345784, at *10 (stating that "'when a non-party does not comply with a subpoena and does not appear for deposition, the most appropriate procedural step is to file an application for an order to show cause, not a motion to compel'" (quoting *Martinez v. City of Pittsburg*, No. C 11-01017 SBA LB, 2012 WL 699462, at *4 (N.D. Cal. Mar. 1, 2012))).

[17] ECF No. 31-4 at 10-13. Defendants additionally object to Request No. 2 as burdensome and not proportional, and to Request No. 5 as vague and ambiguous.

> required and [to enable] the court . . . to ascertain whether the requested documents have been produced."[18]

Also disfavored in this circuit and elsewhere is the practice of "ask[ing] for the universe to obtain a mere nugget of discovery from a recalcitrant opponent," and the use of omnibus search terms (*e.g.*, "any and all" documents that "relate to" a subject) in that pursuit.[19]

> Requests for Production 1, 2, and 5 are reproduced here:
>
>> REQUEST FOR PRODUCTION NO. 1: Produce all documents reflecting or otherwise evidenc[ing] any solicitation of customers for Fay Makina or its affiliates.
>>
>> REQUEST FOR PRODUCTION NO. 2: Produce all documents reflecting or otherwise evidencing any communications you have had with Nukon Turkey or any of its affiliates between February 1, 2021, and the present.
>>
>> REQUEST FOR PRODUCTION NO. 5: Produce all documents reflecting or otherwise evidencing the sale of Fay Makina's products or services to its customers between February 1, 2021, and the present.[20]

Discovery requests generally are not "sufficiently definite and limited in scope"[21] where, as here, they request "all documents reflecting or otherwise evidencing any communications" with a company for the preceding five years.[22] Nor can "'a person of ordinary intelligence

---

[18] *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649–50 (10th Cir. 2008) (quoting Wright & Miller, 8A Federal Practice and Procedure § 2211, at 415) (alterations in original).

[19] *Schmelzer v. IHC Health Servs., Inc.*, No. 2:19-CV-00965-TS-JCB, 2022 WL 16646456, at *6 & n.54 (D. Utah Feb. 10, 2022) (providing an extensive list of "cases condemning the use of the omnibus terms and broad categories of information"), *objections overruled*, No. 2:19-CV-965 TS, 2022 WL 1224976 (D. Utah Apr. 26, 2022).

[20] ECF No. 31-3 at 7.

[21] *Regan-Touhy*, 526 F.3d at 649.

[22] ECF No. 31-3 at 7 (Request for Production No. 2).

[apprise] what documents are required'"[23] when a request calls for "all documents reflecting or otherwise evidencing the sale of Fay Makina's products or services to its customers."[24] A recipient of such a request may ask, as did Defendants here, whether every conversation Defendants have had with every one of their customers would "evidence[e] the sale of Fay Makina's products or services."[25] Additionally, while the parties discussed in oral argument winnowing the time period of these requests, Request No. 1 as written includes no temporal limitation, and Request Nos. 2 and 5 cover a time period beginning in 2021 and extending through the duration of the litigation. Requests No. 1, 2, and 5 by their plain language capture a vast swath of documents, e-mails, notes, voicemails, video files, photographs, text messages, and other communications that reflect or evidence every communication Defendants have had with a specific company and with any of Defendants' customers.[26] The requests cover an indefinite or ongoing time period and apply regardless of the topic of the communications. The requests do not comply with the Rule 34 reasonable particularity standard and are fatally broad.

      Therefore, the court denies Plaintiffs' request to compel Defendants to respond fully to Request for Production Nos. 1, 2, and 5. Plaintiffs may reformulate Request for Production Nos. 1, 2, and 5 in compliance with the Federal Rules of Civil Procedure. The parties shall meet and confer to resolve any disputes arising from the reformulated discovery requests.

---

[23] *Regan-Touhy*, 526 F.3d at 649 (quoting Wright & Miller, 8A Federal Practice and Procedure § 2211, at 415).

[24] ECF No. 31-3 at 7 (Request for Production No. 5).

[25] *Id*.

[26] ECF No. 31-3 at 3 (Definitions).

### III. The Court Declines to Award Reasonable Expenses to Defendants.

Under Rule 37(a)(5)(B), a court that has denied a motion for an order compelling a discovery response "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." However, if the motion was "substantially justified or other circumstances make an award of expenses unjust," the court must not order this payment. The court has denied the Motion, but because Plaintiffs' arguments in the Motion are substantially justified, the court declines to award reasonable expenses to Defendants.

A position is substantially justified if it has "reasonable basis in both law and fact."[27] Here, Plaintiffs' arguments in the Motion have reasonable bases in both law and fact. The request to compel compliance with the Subpoena, while procedurally improper, was a reasonable attempt to obtain information from a non-party. And while the discovery requests at issue here are overbroad, they are not so wholly untethered from the needs of the case as to lose their basis in

---

[27] *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1993)). Where, as here, Rule 37(a)(5)(B) employs the same term of art – "substantially justified" – as the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"), for the same purpose of awarding costs and attorney fees, the court borrows from EAJA jurisprudence to determine substantial justification. *Lawson v. FMR LLC*, 571 U.S. 429, 459 (2014) ("[P]arallel text and purposes counsel in favor of interpreting . . . provisions consistently."); *Northcross v. Bd. of Educ. of Memphis City Sch.*, 412 U.S. 427, 428 (1973) (per curiam) (stating that when two provisions of different statutes share similar language, that is a "strong indication" they are to be interpreted consistently); *Morissette v. United States*, 342 U.S. 246, 263 (1952) (explaining that "where Congress borrows terms of art," it also borrows their meaning).

law and fact. Since the Motion had a reasonable basis in both law and fact, it was substantially justified. Accordingly, the court declines to award reasonable expenses to Defendants.

## ORDER

The Motion[28] is DENIED as indicated below. First, for the reasons stated on the record at the September 25, 2025, hearing, the court HEREBY ORDERS:

- Pursuant to Defendants' assertion that no material was being withheld subject to Defendants' objections to Request for Production Nos. 3 and 4, no further production responsive to those requests is required. Accordingly, this portion of the Motion is denied as moot.

- The Motion as it relates to Interrogatory Nos. 2 and 3 is denied. Plaintiffs may reformulate Interrogatory Nos. 2 and 3 to comply with the Federal Rules of Civil Procedure.

Second, for the reasons stated above, the court HEREBY ORDERS:

- Plaintiffs' request to compel Lantek to comply with the Subpoena is denied without prejudice.

- Plaintiffs' request to compel Defendants to comply with Plaintiffs' Request for Production Nos. 1, 2, and 5 is denied. Plaintiffs may reformulate Request for Production Nos. 1, 2, and 5 in compliance with the Federal Rules of Civil Procedure. The parties are to meet and confer to resolve any disputes arising from the reformulated discovery requests.

---

[28] ECF No. 31.

- Each party shall bear its own fees and expenses.

IT IS SO ORDERED.

DATED this 9th day of October 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge