UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MOORE MACHINE TOOLS LLC, a Utah Limited Liability Company; and NUKON USA, LLC, a Utah Limited Liability Company, <br><br> Plaintiffs, <br><br> v. <br><br> FURKAN AYDIN, an Individual; KATHERINE FAY, an Individual; and FAY MAKINA NORTH AMERICA LLC, a Utah Limited Liability Company, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [56] PLAINTIFFS' MOTION TO CONSOLIDATE** <br><br> Case No. 2:24-cv-00793-DBB-JCB <br><br> District Judge David Barlow |

Before the court is Plaintiffs' [56] Motion to Consolidate under Rule 42(a).[1] Plaintiffs Moore Machine Tools, LLC ("MMT") and Nukon USA, LLC ("Nukon US") move the court to consolidate another action that Nukon US filed against Nukon Lazer Makina Metal Sanayi Ve Ticaret A.Ş. ("Nukon Turkey") (the "Nukon Case")[2] with this case (the "Aydin Case").

**BACKGROUND**

Plaintiffs filed their Motion to Consolidate on December 18, 2025.[3] On January 1, 2026, Nukon Turkey, the sole defendant in the Nukon Case, filed an Objection to Plaintiffs' Motion as an interested party.[4] That same day, the defendants in this case filed a short Opposition brief

---

[1] Motion to Consolidate, ECF No. 56, filed Dec. 18, 2025.
[2] *Nukon USA v. Nukon Makina Metal Sanayi Ve Ticaret A.S.*, Case No. 2:25-cv-00510-JNP-CMR.
[3] Motion to Consolidate.
[4] Objection to Motion to Consolidate ("Objection"), ECF No. 57, filed Jan. 2, 2026.

1

stating only that they oppose consolidation "for the same reasons set forth" in Nukon Turkey's Objection and joining in Nukon Turkey's arguments.[5]

**The Aydin Case**

Plaintiffs filed their Initial Complaint in this case on October 22, 2024,[6] and they filed an Amended Complaint on December 18, 2024.[7] The Amended Complaint alleges that MMT and Nukon US are affiliated companies that supply large industrial machinery to customers across North America.[8] It states that Defendant Furkan Aydin was employed by MMT as a lead laser engineer from 2021 until 2024.[9] The Amended Complaint alleges that Mr. Aydin and Defendant Katherine Fay, who are husband and wife, conspired to misappropriate MMT's proprietary information and used it to start a competing company, Defendant Fay Makina North America, LLC ("Fay Makina").[10] It further alleges that Defendants used Nukon US's federally registered NUKON trademark in their marketing[11] and made false statements to Nukon Turkey—the manufacturer of Nukon brand laser machines—in order to sabotage its relationship and contractual agreement with Nukon US.[12] The Amended Complaint asserts claims for trademark infringement, unfair competition, misappropriation of trade secrets, breach of fiduciary duty, defamation, tortious interference with economic relations, and civil conspiracy.[13]

---

[5] Opp'n to Motion to Consolidate ("Opp'n"), ECF No. 58, filed Jan. 2, 2026.
[6] Initial Compl., ECF No. 2, filed Oct. 22, 2024.
[7] Amended Compl., ECF No. 20, filed Dec. 18, 2024.
[8] *Id.* ¶¶ 1, 7–8.
[9] *Id.* ¶¶ 11–12.
[10] *Id.* ¶¶ 19, 23, 30.
[11] *Id.* ¶¶ 25–27.
[12] *Id.* ¶¶ 22, 31, 37–39.
[13] *Id.* ¶¶ 41–92.

**The Nukon Case**

The Nukon Case was initially filed on June 25, 2025.[14] Nukon US filed its Second Amended Complaint in that case on December 15, 2025.[15] The Nukon Second Amended Complaint alleges that Nukon US had an agreement with Nukon Turkey to be the exclusive distributor of Nukon products in the United States.[16] It asserts that Nukon Turkey began to violate some of its obligations under the agreement in 2024,[17] including by selling its products to Fay Makina in the United States.[18] Nukon US further alleges that Nukon Turkey claims to be the owner of the NUKON mark and has used the NUKON mark and a similar NKN mark to advertise and sell its products in the United States.[19] The Nukon Second Amended Complaint asserts causes of action for breach of contract and the implied covenant of good faith and fair dealing, trademark infringement, unfair competition, deceptive trade practices, and civil conspiracy.[20]

In response to the Nukon Second Amended Complaint, Nukon Turkey filed several counterclaims against Nukon US and Matthew Moore, its owner.[21] In its Counterclaim, Nukon Turkey alleges that it has been using the NUKON mark in the United States since 2013,[22] long before Nukon US was formed specifically for the purpose of distributing Nukon Turkey's

---

[14] *Nukon USA v. Nukon Makina Metal Sanayi Ve Ticaret A.S.*, Case No. 2:25-cv-00510-JNP-CMR.
[15] *See* Nukon Case Second Amended Compl. ("Nukon Second Amended Complaint"), ECF No. 57-1, filed Jan. 2, 2026.
[16] *Id.* ¶ 7.
[17] *Id.* ¶¶ 12–13.
[18] *Id.* ¶ 19.
[19] *Id.* ¶¶ 25–26, 32–34, 47.
[20] *Id.* ¶¶ 37–83.
[21] Nukon Case Answer to Amended Complaint and Counterclaims ("Nukon Counterclaim"), ECF No. 57-2, filed Jan. 2, 2026.
[22] *Id.* at 29.

3

products in the United States.[23] The Counterclaim also states that Nukon US initially breached the distribution agreement.[24] It asserts claims for breach of contract and the implied covenant of good faith and fair dealing, unfair competition, intentional interference with economic relations, fraudulent procurement of trademark, and declaratory judgment that Nukon Turkey owns the NUKON trademark in the United States.[25]

## STANDARD

Rule 42 of the Federal Rules of Civil Procedure states that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."[26] The party seeking consolidation has the burden of showing that it is proper under Rule 42(a).[27] "Initially, the court should decide if the actions involve a common question. If a common question of law or fact exists, 'the court should [then] weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause.'"[28] Actions should only be consolidated if doing so "will avoid unnecessary costs, save judicial resources and efficiency, and will not prejudice the parties."[29]

---

[23] *Id.* at 34.
[24] *Id.* at 40.
[25] *Id.* at 53–69.
[26] Fed. R. Civ. P. 42(a).
[27] *Phillip M. Adams & Assocs., LLC v. Dell Inc.*, No. 1:05-CV-64 TS, 2008 WL 203316, at *2 (D. Utah Jan. 23, 2008).
[28] *Dreger v. Progressive Leasing LLC*, No. 2:23-CV-00783-DBB-CMR, 2024 WL 115854, at *2 (D. Utah Jan. 10, 2024) (quoting *Cheney v. Judd*, 429 F. Supp. 3d 931, 936 (D.N.M. 2019)).
[29] *Gradie v. C.R. England, Inc.*, No. 2:16-CV-001015-DN, 2017 WL 325201, at *2 (D. Utah Jan. 23, 2017). The court notes that *Gradie* and many other District of Utah cases used factors identified in earlier versions of Local Rules 42-1 and 83-2(g) that have since been removed. Accordingly, the court does not address those factors.

## DISCUSSION

Here, Plaintiffs argue that the Aydin Case and the Nukon Case each share common issues of law and fact and involve similar or related parties, making them "ideal candidates for consolidation."[30] Plaintiffs also contend that consolidation would conserve judicial resources and promote efficiency by streamlining discovery and avoiding inconsistent outcomes on the same issues.[31] Nukon Turkey responds that "the two actions involve fundamentally different parties," claims, and facts.[32] It also argues that consolidation would prejudice the parties because the two cases are at different procedural stages.[33] The court will address each set of arguments in turn.

### I.        Common Questions of Law or Fact

As Nukon Turkey correctly states, Nukon US is the only overlapping party between the two cases.[34] All other plaintiffs, defendants, and counterclaim defendants only appear in either the Aydin Case or the Nukon Case.[35] However, the allegations in the complaints reveal that other relationships between the parties exist. For example, Mr. Moore, a counterclaim defendant in the Nukon case, is involved with Nukon US and MMT, the plaintiffs in the Aydin Case.[36] And the complaints allege that Mr. Aydin and Fay Makina developed a relationship with Nukon Turkey that forms the basis for several claims across the two actions.[37] The existence of only one

---

[30] Motion to Consolidate 7.
[31] *Id.* at 8–10.
[32] Objection 4.
[33] *Id.* at 9–10.
[34] *Id.* at 4.
[35] *See* Amended Compl.; Nukon Second Amended Compl.; Nukon Counterclaim.
[36] Nukon Counterclaim at 25, 32.
[37] Amended Compl. ¶¶ 38–39, 78, 84; Nukon Second Amended Comp. ¶¶ 19, 74–76.

overlapping party between the actions does not preclude consolidation,[38] especially given these other relationships between the various parties.

Several common questions of law and fact also exist between the two cases. The question of whether Nukon US or Nukon Turkey owns the NUKON trademark will be central to the trademark infringement and unfair competition claims and counterclaims in each case.[39] The issue of whether Nukon Turkey violated its agreement with Nukon US is relevant to the defamation and tortious interference claims in the Aydin Case[40] and to the breach of contract and breach of implied covenant claims in the Nukon Case.[41] And the conspiracy claim in the Nukon Case[42] directly relates to Mr. Aydin's actions in leaving MMT, forming Fay Makina, and going into business with Nukon Turkey.[43]

Nukon Turkey responds that the Aydin Case is an "employment-based tort action" whereas the Nukon Case is a "commercial contract dispute."[44] It argues that the cases each focus on the violation of totally different contracts and that any trademark infringement claims are merely ancillary.[45] It is true that several questions, like whether the defendants infringed the NUKON mark if it is owned by Nukon US, will depend on different factual scenarios in each

---

[38] *See Dreger v. Progressive Leasing LLC*, No. 2:23-CV-00783-DBB-CMR, 2024 WL 115854, at *2 (D. Utah Jan. 10, 2024) (granting a motion to consolidate actions that involved different plaintiffs but the same defendant).

[39] *See* Amended Compl. ¶¶ 44–46; Nukon Second Amended Comp. ¶¶ 62–65; Nukon Counterclaim at 52–54.

[40] Amended Compl. ¶¶ 77–87; *see also Davidson v. Baird*, 2019 UT App 8, ¶ 55, 438 P.3d 928, 945 (quoting *Eldridge v. Johndrow*, 2015 UT 21, ¶ 70, 345 P.3d 553) (tortious interference requires "(1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) by improper means, (3) causing injury to the plaintiff."); *Westmont Mirador, LLC v. Miller*, 2014 UT App 209, ¶ 2, 362 P.3d 919, 921 (quoting *DeBry v. Godbe,* 1999 UT 111, ¶ 8, 992 P.2d 979) ("Ordinarily, to establish a claim for defamation, a plaintiff must demonstrate, inter alia, that 'the statements resulted in damages.'").

[41] Nukon Second Amended Compl. ¶¶ 37–48.

[42] There is also a civil conspiracy claim in the Aydin Case, but it seems to allege that the Aydin Case defendants conspired amongst themselves rather than with Nukon Turkey. *See* Amended Compl. ¶¶ 88–92.

[43] Nukon Second Amended Compl. ¶¶ 73–83.

[44] Objection 4.

[45] *Id.* at 4–5.

case.[46] And some claims, like the misappropriation of trade secrets claim in the Aydin Case, do not overlap between the actions.[47]

Generally, "consolidation is not justified 'simply because the actions *include* a common question of fact or law.'"[48] Consolidation should be denied in situations where individual issues predominate over common questions.[49] In this case, the court does not agree that the overlapping issues and claims are merely "ancillary" or that any common questions of law and fact are "superficial."[50] A significant portion of the claims at issue in these actions seem to arise from the same series of interactions between Nukon US, MMT, Nukon Turkey, and Fay Makina. Though the claims themselves and the parties involved do not fully overlap, many of the same factual determinations and legal conclusions will be relevant across both actions. And "[p]laintiffs may properly move to consolidate issues that, while convenient to litigate together, do not arise out of a single claim that must be litigated in a single action."[51] Therefore, the court concludes that these actions involve "common question[s] of law or fact" as required under Rule 42(a).[52]

## II.    Prejudice and Efficiency

Plaintiffs next argue that consolidation of these actions would conserve resources and enhance efficiency by avoiding duplicative discovery requests and subpoenas and by avoiding the possibility of inconsistent outcomes.[53] Nukon Turkey responds that consolidation would

---

[46] See *id.* at 7.
[47] *See* Amended Compl. ¶¶ 66–72.
[48] *Holiday v. Progressive Ins. Co*., No. 2:21-CV-173-DAK-DBP, 2021 WL 1753570, at *1 (D. Utah May 4, 2021) (quoting *Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 461 (E.D. Mich. 1985)).
[49] *Id.*
[50] Objection 5, 7.
[51] *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1334 (10th Cir. 1988).
[52] Fed. R. Civ. P. 42(a).
[53] Motion to Consolidate 8–9.

prejudice the parties involved because the two actions are "at vastly different phases of litigation."[54] Specifically, Nukon Turkey points out that the Aydin Case is already nearing the close of discovery while the Nukon Case is still in the pleadings phase.[55] Plaintiffs reply that this does not justify denying consolidation because fact discovery remains open and because much of the material already produced in the Aydin Case would be relevant to the Nukon Case, so discovery there could be accelerated.[56]

Even if common questions of law or fact exist between different actions, the court must still "balance[] the judicial convenience gained from consolidation against any likelihood of delay, confusion, or prejudice."[57] Efficiency for the parties also is relevant. Here, as already discussed, several common questions overlap between the two actions. In both cases, the issues of whether Nukon US owns the NUKON trademark[58] and whether Nukon Turkey violated its agreement with Nukon US[59] will be central to many of the asserted claims. The court agrees that consolidation would reduce the need for duplicative discovery related to these issues. Further, the risk of inconsistent outcomes on these questions weighs in favor of consolidation.[60]

Nukon Turkey's primary argument on this point focuses on the prejudice it says would result from consolidating two cases in different stages of litigation.[61] "Consolidation may be inappropriate where 'the two actions are at such widely separate stages of preparation [that]

---

[54] Objection 9.

[55] *Id.* at 10.

[56] Reply in Support of Motion to Consolidate ("Reply") 6, ECF No. 61, filed Jan. 16, 2026.

[57] *Dreger v. Progressive Leasing LLC*, No. 2:23-CV-00783-DBB-CMR, 2024 WL 115854, at *3 (D. Utah Jan. 10, 2024).

[58] Amended Compl. ¶¶ 41–65; Nukon Second Amended Compl. ¶¶ 43–72.

[59] Amended Compl. ¶¶ 77–87; Nukon Second Amended Compl. ¶¶ 37–48.

[60] *See Allegis Inv. Servs., LLC v. Arthur J. Gallagher & Co*, No. 2:17CV515DAK, 2017 WL 6512240, at *6 (D. Utah Dec. 19, 2017) (denying consolidation in part because there was little "likelihood of inconsistent results" if the actions remained separate).

[61] Objection 9.

consolidation of [the] cases would cause further delay and could prejudice the parties.'"[62] Here, the Aydin Case is currently in its fact discovery phase.[63] The parties have over a month to file any motions to amend their pleadings and join parties, over three months until fact discovery closes, and around nine months until expert discovery closes.[64] The Nukon Case is in the pleadings phase. No scheduling order has been entered yet, and a motion to dismiss Nukon Turkey's counterclaims against Mr. Moore is currently pending in that action.[65]

Considering the phase of litigation for each action, the court determines that consolidation here would not prejudice the parties. The two cases are not widely separated in terms of age and procedural posture. There are still several months of fact discovery remaining in the Aydin Case,[66] and the Nukon Case is on the cusp of beginning fact discovery. Only Mr. Moore's pending motion to dismiss, which is fully briefed, remains in the pleadings phase of that action.[67] Consolidating the cases at this point would likely not result in significant delay due to the potential relevance of discovery that has already been completed in the Nukon Case. And even an extension in discovery, if one becomes necessary, would not unduly burden the parties in light of the benefits of avoiding duplicative litigation and potentially inconsistent outcomes.

## ORDER

Plaintiffs' [56] Motion to Consolidate is GRANTED.

---

[62] *French v. Am. Airlines*, No. 2:08-CV-638 TD, 2009 WL 1578288, at *2 (D. Utah June 2, 2009) (*quoting Long v. Dickson*, 2006 WL 1896258, *1 (D. Kan. 2006)); *see also C.R. Bard, Inc. v. Med. Components, Inc*., No. 212-CV-00032-RJS-DAO, 2021 WL 2043206, at *5 (D. Utah May 21, 2021) (denying consolidation of two patent cases after finding they had "diverged significantly" and were not "procedurally aligned" when one was ready to begin expert discovery but the other had not yet resolved claim construction disputes and summary judgment motions).

[63] *See* Amended Scheduling Order, ECF No. 70, entered Mar. 10, 2026.

[64] *Id.* at 4–5.

[65] *Nukon USA v. Nukon Makina Metal Sanayi Ve Ticaret A.S*., Case No. 2:25-cv-00510-JNP-CMR.

[66] Amended Scheduling Order 4.

[67] *See* Docket in *Nukon USA v. Nukon Makina Metal Sanayi Ve Ticaret A.S*., Case No. 2:25-cv-00510-JNP-CMR.

9

Signed April 9, 2026.

BY THE COURT

_____
David Barlow
United States District Judge